# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**SEP 2 4 2002**

Michael N. Milby
Clerk of Court

|  |  |  |
|---|---|---|
| BENJAMIN RODRIGUEZ, | ) | |
| | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | |
| vs. | ) CIVIL ACTION NO. B-98-005 | |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| **Defendant** | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT

The defendant, Jo Anne B. Barnhart, Commissioner of the Social Security

Administration, by and through Michael T. Shelby, United States Attorney for the Southern

District of Texas, and his designated attorney-in-charge, Tasha Stevenson, Special Assistant

United States Attorney, files her Memorandum In Support Of Defendant's Motion For Summary

Judgment.

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), for a review of a final

decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for

a period of disability and for disability insurance benefits under Title II of the Social Security

Act, 42 U.S.C. §423, and for Supplemental Security Income under Title XVI of the Social

Security Act, 42 U.S.C. §1382c.

## B. ISSUE PRESENTED

Whether substantial record evidence and relevant legal standards support the Commissioner's findings that Plaintiff was not disabled.

## I. Statement of the Case

### 1. General

Plaintiff filed applications for Title II and XVI benefits on July 30, 1992, alleging an inability to work since May 27, 1992 (Tr. 169). Plaintiff based his claim for disability benefits on cervical spondylosis, degenerative joint disease of the lumbar spine, diabetes mellitus, and obesity (Tr. 172).

In a decision dated June 29, 1995, the ALJ found at step four of the sequential evaluation process that Plaintiff has the residual functional capacity to perform his past relevant work as a taxi driver, messenger, door to door sales and a dishwasher (Tr. 172). Plaintiff filed a Request for Review with the Appeals Council. In an order dated April 12, 1996, the Appeals Council granted Plaintiff's Request for Review. In the Appeals Council order, the ALJ was instructed to further develop the record in order to clarify the functional requirements of Plaintiff's past work as a messenger. In addition, the ALJ was instructed to give further consideration to Plaintiff's residual functional capacity (RFC) and prove appropriate rationale with specific references to evidence in the record in support of the assessed limitations (Tr. 178). Moreover, the ALJ was instructed to give further consideration to Plaintiff's ability to perform his past relevant work or other work. In this regard, the ALJ was instructed to compare Plaintiff's RFC with the specific functional demands of his past relevant work. Lastly, the ALJ was instructed to obtain the assistance of a qualified interpreter

2

(Tr. 178). A supplemental hearing was held on August 21, 1996, in which a medical expert and a vocational expert were called to testify.

## 2. Medical Expert Testimony

Dr. A. Briggs was called to testify as a medical expert (ME) at the administrative hearing (Tr. 213). Dr. Briggs reported that there had not been any major developments in Plaintiff's back since 1992 (Tr. 214). In addition, she noted that Plaintiff's treating physician stated in clinic notes dated November 21, 1991, and November 12, 1992, that Plaintiff had no limitations except no heavy lifting (Tr. 215). In regards to Plaintiff's eyesight, the ME reported that the only limitation presented by Plaintiff's eyesight was that he would have problems reading small, fine print (Tr. 215). Dr. Briggs reported that Plaintiff did not have an impairment that met or equaled the listings. In addition, she stated that Plaintiff could perform medium work (Tr. 218).

## 3. Vocational Expert

A vocational expert (VE) was called to testify. Based on a hypothetical question posed by the ALJ, the VE stated that Plaintiff could perform the jobs of a sales clerk in retail, and a self-service station attendant (Tr. 220-221). The VE also stated that there were a significant number of these jobs in the state, as well as the national economy (Tr. 221).

## 4. ALJ's Decision

In a decision dated September 13, 2002, that ALJ found at step five of the sequential evaluation process that Plaintiff has the residual functional capacity to perform light work reduced by no repetitive bending, stooping, climbing, crawling, and an inability to read small fine print (Tr. 17). Plaintiff filed a Request for Review with the Appeals Council. However,

the Appeals Council concluded that Plaintiff's Request for Review failed to provide a basis for

changing the ALJ's decision (Tr. 3-4). Therefore, the ALJ's decision became the

Commissioner's final decision for purposes of judicial review. The instant civil action

followed.

## II. ARGUMENT

**The Commissioner's Decision That Plaintiff Is Not Disabled Within The Meaning Of The Social Security Act Is Supported By Substantial Evidence and Must Be Affirmed.**

**A.    Standard of Review**

Judicial review of the Commissioner's final decision under the Social Security Act, 42

U.S.C. § 405(g), is limited to whether the decision is supported by substantial evidence in the

record and whether the proper legal standard was applied in evaluating the evidence. Greenspan

v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994), cert. denied, 514 U.S. 1120 (1995). Substantial

evidence exists if a reasonable mind might accept it as adequate to support a conclusion. Carrier

v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991). If supported by substantial evidence, the

Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S.

389, 390 (1971). A finding of no substantial evidence is appropriate only if no credible

evidentiary choices or medical findings exist to support the decision. Johnson v. Bowen, 864

F.2d 340, 343-344 (5th Cir. 1988).

**B.    Disability Evaluation and Burden of Proof**

Plaintiff has the burden of proving his disability by establishing a medically determinable

physical or mental impairment that prevents him from engaging in any substantial gainful activity

for at least twelve consecutive months. See 42 U.S.C. §§ 423 and 1383. It is well established

4

that the Court "may not reweigh the evidence in the record, nor try the issues *de novo* ..."

Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994). As this Court cannot reweigh the evidence

and place itself in the "fact-finding business," this Court should give considerable deference to

the ALJ's finding of fact. See Richardson, 402 U.S. at 399.

The rules governing the steps of this evaluation process are: (1) a claimant who is

working, engaging in substantial gainful activity, will not be found disabled no matter what the

medical findings are; (2) a claimant will not be found disabled unless he has a severe

impairment; (3) a claimant whose impairment meets or is equivalent to an impairment listed in

Appendix 1 of the regulations will be considered disabled without the need to consider

vocational factors; (4) a claimant who is capable of performing work he has done in the past must

be found not disabled; and (5) if the claimant is unable to perform his previous work as a result

of an impairment, factors such as age, education, work experience, and residual functional

capacity must be considered to determine whether he can do other work. Id. A finding that a

claimant is disabled or not disabled at any point in the five-step process is conclusive and

terminates the Commissioner's analysis. Id.. The Commissioner's regulations set forth a five-

step sequential evaluation for evaluating disability. Here, the determination was made at the fifth

step concerning whether Plaintiff demonstrated impairments preventing him from doing any

other work, specifically light work. At this juncture, the burden shifts to the Commissioner to

show that there are jobs existing in the national economy that Plaintiff can perform.

Once the Commissioner demonstrates that other jobs are available to the claimant, the

burden of proof shifts to the claimant to rebut this finding. Selders v. Sullivan, 914 F.2d 614, 618

(5th Cir. 1990). Because Plaintiff has not rebutted the Commissioner's finding that he can

5

perform other jobs in the national economy, the Commissioner's decision should be affirmed by this Court. Haywood v. Sullivan, 888 F.2d 1463, 1467 (5th Cir. 1989); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).

C. **The ALJ Properly Determined That Plaintiff Was Not Disabled By A Back Impairment**.

Plaintiff alleges a disabling back impairment. However, the objective evidence of record does not support Plaintiff's allegations of being disabled by a back impairment.

The evidence shows that Plaintiff was involved in an automobile accident in 1988 and injured his back. Plaintiff had a neurological consultation performed on February 8, 1989 (Tr. 162-163). The examining physician reported that Plaintiff had what appeared to be a mechanical strain of musculoskeletal origin (Tr. 163).

Dr. Robert Lozano evaluated Plaintiff on December 13, 1989 (Tr. 157-159). Dr. Lozano reported that Plaintiff's neurological examination was within normal limits. In addition, he did not find any evidence of radiculopathy, in either the cervical or lumbar spine (Tr. 158). Dr. Lozano recommended that Plaintiff lose weight and he prescribed Tylenol for Plaintiff (Tr. 158). In addition, Dr. R. Chandrasekharan reported on November 12, 1991, that Plaintiff's only restriction would be performing heavy work (Tr. 138).

In a clinic note dated February 7, 1992, Dr. Carlos Rosas diagnosed Plaintiff with cervical lumbar strain (Tr. 132). Prior to this clinic note, on January 6, 1991, Dr. Rosas reported improvement in Plaintiff's condition (Tr. 133).

Dr. Francis Gumbel performed a consultative examination on Plaintiff on November 12, 1992 (Tr. 129). Dr. Gumbel reported that Plaintiff's vascular system was within normal limits and he reported that the sensation in his neurological system appeared to be well maintained (Tr.

6

129). Although Dr. Gumbel reported that Plaintiff had some varcosities in both legs and he had

some difficulty performing deep knee bends, he went on to say that Plaintiff had a full range of

motion in his upper and lower extremities. In addition, he reported that Plaintiff only

complained of pain during lumbar flexion at 60 to 70 degrees (Tr. 129).

Dr. Briggs reported that there had not been any major developments in Plaintiff's back

since 1992 (Tr. 214). In addition, she noted that Plaintiff's treating physician stated in clinic

notes dated November 21, 1991, and November 12, 1992, that Plaintiff had no limitations

except an inability to perform heavy lifting (Tr. 215).   The evidence clearly does not show that

Plaintiff had a disabling back impairment.

**D. Plaintiff Was Not Disabled By Diabetes And An Eye Impairment.**

Plaintiff is also alleging that he is disabled by diabetes and an eye impairment. However,

the objective evidence does not show that Plaintiff's diabetes was disabling. Plaintiff's

physicians mention diabetes several times in the record. However, none of Plaintiff's physicians

stated that he was disabled by diabetes. It is also important to note that none of Plaintiff's

physicians stated that he was disabled. See Harper v. Sullivan, 887 F.2d at 97 (5th Cir. 1989)

(relying in part upon the absence of a physician's statement of disability). The opinions of

treating physicians are to be given considerable weight. Milam v. Bowen, 782 F.2d 1284, 1287

(5th Cir. 1986); Smith v. Schweiker, 646 F.2d 1075, 1081 (5th Cir. 1981); Fruge v. Harris, 631

F.2d 1244, 1246 (5th Cir. 1980).

Although the evidence shows that Plaintiff's vision was deteriorating, the evidence also

shows that Plaintiff's vision was helped with correctable lens (Tr. 124, 188). A medical

condition that can be reasonably remedied by either surgery, treatment, or medication is not

disabling. <u>Lovelace v. Bowen</u>, 813 F.2d 55 (5th Cir. 1987). On January 21, 1993, Plaintiff's physician reported that Plaintiff's vision was 20/50 in both eyes (Tr. 124). On August 14, 1995, in an eye examination report, a physician reported that Plaintiff's best corrected near vision was 20/100 on the right and 20/50 on the left. In addition, the physician reported that Plaintiff's best corrected distant vision was 20/50 on the right and 20/50 on the left. More importantly, the physician did not report that Plaintiff was legally blind and stated that Plaintiff's only restrictions were to avoid heavy lifting and strenuous activities (Tr. 187).

The ME reported that the only limitation presented by Plaintiff's eyesight was that he would have problems reading small, fine print (Tr. 215). Dr. Briggs also reported that Plaintiff did not have an impairment that met or equaled the listings. In addition, she stated that Plaintiff could perform medium work (Tr. 218). The objective evidence of record clearly does not support Plaintiff's argument that he is disabled. The ALJ's decision that Plaintiff is not disabled is supported by the substantial evidence of record.

### III. CONCLUSION

The Commissioner's finding that Plaintiff is not disabled is within the purview of the Social Security Act and is consistent with regulatory criteria. The ALJ's decision is supported by substantial evidence and is a correct application of the regulations.

The Commissioner therefore urges that her Motion for Summary Judgment be GRANTED.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

TINA M. WADDELL
Regional Chief Counsel
Special Assistant United States Attorney

By _____
TASHA W. STEVENSON
Special Assistant United States Attorney
Attorney in charge
Arkansas Bar No. 97245
Federal Bar No. 28157
Office of the General Counsel
Social Security Administration, Region VI
1301 Young Street, Suite 430
Dallas, Texas 75202
(214) 767-4536

9

(Tr. 178). A supplemental hearing was held on August 21, 1996, in which a medical expert and a vocational expert were called to testify.

## 2. Medical Expert Testimony

Dr. A. Briggs was called to testify as a medical expert (ME) at the administrative hearing (Tr. 213). Dr. Briggs reported that there had not been any major developments in Plaintiff's back since 1992 (Tr. 214). In addition, she noted that Plaintiff's treating physician stated in clinic notes dated November 21, 1991, and November 12, 1992, that Plaintiff had no limitations except no heavy lifting (Tr. 215). In regards to Plaintiff's eyesight, the ME reported that the only limitation presented by Plaintiff's eyesight was that he would have problems reading small, fine print (Tr. 215). Dr. Briggs reported that Plaintiff did not have an impairment that met or equaled the listings. In addition, she stated that Plaintiff could perform medium work (Tr. 218).

## 3. Vocational Expert

A vocational expert (VE) was called to testify. Based on a hypothetical question posed by the ALJ, the VE stated that Plaintiff could perform the jobs of a sales clerk in retail, and a self-service station attendant (Tr. 220-221). The VE also stated that there were a significant number of these jobs in the state, as well as the national economy (Tr. 221).

## 4. ALJ's Decision

In a decision dated September 13, 2002, that ALJ found at step five of the sequential evaluation process that Plaintiff has the residual functional capacity to perform light work reduced by no repetitive bending, stooping, climbing, crawling, and an inability to read small fine print (Tr. 17). Plaintiff filed a Request for Review with the Appeals Council. However,

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon plaintiff (pro se), Benjamin Rodriguez, 65 San Martin Drive, Brownsville, Texas 78520 by certified mail, on this 23rd day of September, 2002.

TASHA W. STEVENSON
Special Assistant United States Attorney
Attorney in Charge

10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **BENJAMIN RODRIGUEZ** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. B-98-005** |
| | ) | |
| **JO ANNE B. BARNHART** | ) | |
| **COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY** | ) | |
| | ) | |
| **Defendant** | ) | |

## ORDER

ORDERED that the decision of the Commissioner of Social Security Administration is

AFFIRMED and Judgment is entered for Defendant.

Signed on this __ day of _____, 2002.

.

_____

UNITED STATES DISTRICT JUDGE